IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ROBERT T. COLES, et al., | ) |
| | ) Case No. 4:05-CV-00063 |
| Plaintiffs, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| SMURFIT STONE CONTAINER | ) |
| CORPORATION, UNITED STATES | ) By: Jackson L. Kiser |
| POSTAL SERVICE, INTERNAL | ) Senior United States District Judge |
| REVENUE SERVICE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Before this Court are the following *Motions*: the Federal Defendants' *Motion to Dismiss*, Smurfit Stone's *Motion for Judgment on the Pleadings*, the Federal Defendants' *Second Motion to Dismiss*, and Smurfit Stone's *Motion to Dismiss*. For the reasons stated below, both *Motions* made by the Federal Defendants will be **dismissed as moot**, and the Federal Defendants will be **dismissed** from this case. Furthermore, Smurfit Stone's *Motion for Judgment on the Pleadings* will be **denied**, and Smurfit Stone's *Motion to Dismiss* will be **denied**.

## I. STATEMENT OF FACTS

The USPS and IRS ("Federal Defendants") have a contractual relationship with Smurfit-Stone by which Smurfit-Stone supplies both agencies with corrugated paper boxes. Plaintiffs claim that they each own and/or operate trucking services, each of which has a contractual relationship with Smurfit-Stone to haul boxes. Plaintiffs are all African-Americans.

On January 31, 2003, Smurfit-Stone stopped using the Plaintiffs to haul boxes and instead gave their hauling business to a trucking service owned and/or operated by a white male.

-1-

Plaintiffs allege that Smurfit-Stone intentionally discriminated against them based on their race.

Plaintiffs assert that the Federal Defendants are liable for the alleged racial discrimination under *Title VI* (42 U.S.C. §2000(d)), and under *Executive Order* 11246. Plaintiffs assert that Smurfit-Stone has violated those same laws and 42 U.S.C. §1981. The Federal Defendants deny any and all liability for the alleged discriminatory acts of Smurfit-Stone, with which they merely hold procurement contracts that include no "financial assistance." The Federal Defendants state that while they realize the Court must assume that both Federal Defendants have contracts with Smurfit-Stone for the purposes of these *Motions*, diligent investigation to date has indicated that the IRS does not hold any contracts with Smurfit-Stone or any of its predecessors.

## II.     PROCEDURAL BACKGROUND

The Plaintiffs filed a *Complaint* in this case on October 27, 2005 and Smurfit Stone filed an *Answer* on November 23, 2005. The Federal Defendants filed a *Motion for Extension of Time to File an Answer* on January 1, 2006; the *Motion* was granted by this Court on January 6, 2006. Also on January 6, 2006, this Court entered a *Pretrial Order* in this case. On January 31, 2006, the Federal Defendants filed a *Motion to Dismiss*. On February 6, 2006, Smurfit Stone filed a *Motion for Judgment on the Pleadings*. On March 2, 2006 this Court entered an *Order* requiring the Plaintiffs to show good cause for failing to respond to the Defendants' *Motions* before the deadline set forth in the Court's *Pretrial Order*. On March 16, 2006, the Plaintiffs filed a *Response in Opposition* to both the Defendants' *Motion to Dismiss* and *Motion for Judgment on the Pleadings*. On March 23, 2006, Smurfit Stone filed a *Reply* in support of its *Motion for Judgment on the Pleadings*. On March 29, 2006 the Federal Defendants filed a *Second Motion to Dismiss*, and on April 10, 2006 the Plaintiffs filed a *Response*. On April 5, 2006 Smurfit

Stone filed a *Motion to Dismiss*, and on April 24, 2006 the Plaintiffs filed a *Response*. On May 2, 2006 oral argument was held on Smurfit Stone's *Motion for Judgment on the Pleadings*, Smurfit Stone's *Motion to Dismiss*, the Federal Defendants' *Motion to Dismiss*, and the Federal Defendants' *Second Motion to Dismiss,* though it was not *Noticed* for hearing. This case is set for a three-day jury trial to commence on November 6, 2006 at 9:30 AM in Danville, Virginia.

### III.  STATEMENT OF LAW

Under Rule 12(c) of the *Federal Rules of Civil Procedure*, a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Rule 12(h)(2) allows a party to raise the defense of failure to state a claim upon which relief can be granted in a motion for judgment on the pleadings filed pursuant to Rule 12(c). A motion filed pursuant to Rule 12(c), invoking the defense of failure to state a claim upon which relief can be granted, is reviewed with the same standard as a motion to dismiss under Rule 12(b)(6). *Burbach Broad Co. v. Elkins Radio Corporation*, 278 F.3d 401, 406 (4th Cir. 2002).

Dismissal of a complaint under Rule 12(b)(6) of the *Federal Rules of Civil Procedure* is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (citation omitted). When considering a motion to dismiss, the Court should accept as true all well-pleaded allegations and construe those allegations in the light most favorable to the plaintiff. *Mylan Labs, Inc. V. Matkar*, 7 F.3d 1130 (4th Cir. 1993). Thus, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Although the *Federal Rules of Civil Procedure* require only notice pleading which is not an onerous standard, the Plaintiff must still set forth facts sufficient to allege each element of his claim. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761 (4th Cir. 2003). Mere conclusory statements alleging discrimination are insufficient to state a claim upon which relief can be granted and thus are insufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6). *Simpson v. Welch*, 900 F.2d 33 (4th Cir. 1990). Finally, in order to state a claim of discrimination, pursuant to *42 U.S.C. §2000(e)*, sufficient to survive a Rule 12(b)(6) motion, the Plaintiff must allege some adverse employment action based upon one's race, national origin, religion, or sex. *Ali v. Alamo Rent-a-Car*, 8 Fed. Appx. 156 (4th Cir. 2001).

## IV.     DISCUSSION

In their *Complaint*, the Plaintiffs alleged a violation by Smurfit Stone and the Federal Defendants under 42 U.S.C. §1981, 42 U.S.C. §2000(d), and Executive Order 11246. However, the Plaintiffs conceded in their *Brief in Opposition to the Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings (Pages 4 - 5)*, that they have no claim against the Federal Defendants under either 42 U.S.C. §2000(d) or Executive Order 11246. The Plaintiffs made the same concession on the record before this Court on May 2, 2006 at oral argument. Additionally, the Plaintiffs conceded at oral argument that 42 U.S.C. §1981 does not give them a cause of action against the Federal Defendants in this case. Having conceded that the Federal Defendants can not be held liable in this case under 42 U.S.C. §1981, 42 U.S.C. §2000(d), or Executive Order 11246 the Plaintiffs effectively dropped the Federal Defendants from this case at oral argument. Therefore, all *Motions* made by the Federal Defendants in this case will be dismissed as moot.

Case 4:05-cv-00063-JLK-mfu    Document 30    Filed 05/23/06    Page 4 of 13    Pageid#: 120

Furthermore, the Plaintiffs conceded at oral argument that Smurfit Stone could not be held liable under either 42 U.S.C. §2000(d) or Executive Order 11246. Therefore, the only remaining justiciable claim in this case is the Plaintiffs' claim against Smurfit Stone pursuant to 42 U.S.C. §1981.

As stated above, this Court entered an *Order* on March 2, 2006 requiring the Plaintiffs to respond to the Federal Defendants' *Motion to Dismiss* and to Smurfit Stone's *Motion for Judgment on the Pleadings*. The *Order* also required the Plaintiffs to show good cause for failing to timely respond in compliance with the *Pretrial Order* entered by this Court. The Plaintiffs responded to the March 2, 2006 *Order* and attempted to show good cause for their tardiness. Plaintiffs' Counsel claimed that he failed to timely respond because he never received the *Pretrial Order* entered by this Court. The Clerk of the Court attempted to electronically transmit the *Pretrial Order* to the electronic mail address of the Plaintiffs' Counsel (wlwm10@earthlink.net) at 1:25 PM on January 6 ,2006. The Counsel for the Federal Defendants and for Smurfit Stone both received the *Pretrial Order* electronically at that time. In its *Reply to Plaintiffs' Brief in Opposition* and in its *Motion to Dismiss*, Smurfit Stone argues that the Plaintiffs have not shown good cause for their tardiness. In their *Second Motion to Dismiss*, the Federal Defendants also argued that the Plaintiffs failed to show good cause for failing to timely respond; however, because the *Motions* made by the Federal Defendants will be dismissed as moot in this case, the arguments made therein will have no affect on the decision of this Court.

As stated just above, the Plaintiffs' Counsel alleges that he failed to timely respond because he never received the *Pretrial Order* from the Clerk of this Court. As an officer of the

-5-

Court, I will take the Plaintiffs' Counsel at his word; however, from past experience, the Plaintiffs' Counsel is aware that this Court enters a *Pretrial Order* in every civil case before it, and he should monitor this Court's docket entries in his clients' cases. Having said that, I find that the Plaintiffs' Counsel has shown good cause for his failure to timely respond in compliance with the Court's *Pretrial Order* in this case.

In its *Motion for Judgment on the Pleadings,* Smurfit Stone argues that the Plaintiffs' claim against it pursuant to 42 U.S.C. §1981 is barred by a two-year statute of limitations. Smurfit Stone argues that because 42 U.S.C. §1981 does not have its own limitation period, the Virginia statute of limitation that is most analogous must be used. The United States Supreme Court in *Lampf v. Gilbertson* held that "it is the usual rule that when Congress has failed to provide a statute of limitations for a federal cause of action, a court 'borrows' or 'absorbs' that local time limitation most analogous to the case at hand." 501 U.S. 350, 355 (1991). The Fourth Circuit has held that the Virginia statute of limitation for personal injury claims should govern federal discrimination claims that do not have their own limitation period. *Jersey Heights v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999) ("the personal nature of the right against discrimination justifies applying the state personal injury limitations period."). Virginia Code §8.01-243(A) establishes a two-year limitation period for personal injury claims in the Commonwealth:

> Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues.

Additionally, Virginia Code §8.01-248 establishes a two-year catch-all limitation period for claims in the Commonwealth:

> Every personal action accruing on or after July 1, 1995, for which no limitation period is otherwise prescribed, shall be brought within two years after the right to bring such action has accrued.

Smurfit Stone points out that the alleged discriminatory act in this case occurred on January 31, 2003. Smurfit Stone further points out that the Plaintiffs filed their *Complaint* in this case on October 27, 2005. Smurfit Stone therefore argues that the Plaintiff's cause of action pursuant to 42 U.S.C. §1981 must be dismissed as a matter of law because the two-year limitation period barred the Plaintiffs from bringing such a claim after January 31, 2005.

In their *Brief in Opposition*, the Plaintiffs argue that their 42 U.S.C. §1981 claim in this case is governed by a four-year statute of limitation. The Plaintiffs allege that their claim under 42 U.S.C. §1981 is controlled by the statute of limitation codified in 28 U.S.C. §1658:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than four (4) years after the cause of action accrues.

The Plaintiffs point out that 28 U.S.C. §1658 was adopted by the U.S. Congress on December 1, 1990. The Plaintiffs further point out that in 1991 the U.S. Congress amended 42 U.S.C. §1981 in the Civil Rights Act of 1991:

> (b) "Make and enforce contracts" Defined
>
> For the purpose of this action, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all being its privileges, terms, and condition of the contractual relationship.
>
> (c) Protection against impairment
>
> The rights protected by this section are protected against impairment by non governmental discrimination and impairment under color of State law.

The Plaintiffs assert that in their *Complaint* they have clearly alleged that they were not allowed to make or perform a contract with Smurfit Stone and that their previous contract was

-7-

terminated by Smurfit Stone based on the Plaintiffs' race. The Plaintiffs then cite the U.S. Supreme Court's holding in *Jones v. R. R. Donnelly*, 541 U.S. 369 (2004). The Plaintiffs argue that in *Jones*, where a class of African-American former Donnelly employees brought an action alleging violations of 42 U.S.C. §1981, the Court held that 28 U.S.C. §1658 governed the action. The Plaintiffs conclude that their action under 42 U.S.C. §1981 is not barred by the Virginia two-year statute of limitation, but is instead viable because it is governed by the four-year statute of limitation codified in 28 U.S.C. §1658.

In its *Reply*, Smurfit Stone argues that the Plaintiffs are incorrect in their blanket assertion that merely because they have alleged a violation of 42 U.S.C. §1981, the four-year catch-all statute codified in 28 U.S.C. §1658 applies. Instead, Smurfit Stone argues that the Supreme Court had a different holding in *Jones*. Smurfit Stone points out that the Supreme Court held in *Jones* that the touchstone inquiry in determining whether to use the historical rule (that the most analogous state statute of limitation is applicable) or the four-year statute of limitation codified in 28 U.S.C. §1658, is whether the cause of action arises under 42 U.S.C. §1981 as it was originally enacted, or under 42 U.S.C. §1981 as amended by the Civil Rights Act of 1991.

Smurfit Stone provides no additional case law or additional argument for its position that the Plaintiffs were required to file their claim under 42 U.S.C. §1981 as originally enacted, or that the 1991 amendments to 42 U.S.C. §1981 had no affect on the ability of the Plaintiffs to file their claim in this case. Conversely, precedent from the Fourth Circuit and the United States Supreme Court establishes that the Plaintiffs' 42 U.S.C. §1981 claims in this case can only be brought under the amended version of 42 U.S.C. §1981, as opposed to its original version.

-8-

Such precedent guides me to hold that the portion of 42 U.S.C. §1981 amended in 1991 is the very portion that empowers the Plaintiffs to bring their 42 U.S.C. §1981 claims in this case. Therefore the four-year limitation period codified in 28 U.S.C. §1658 is applicable to the claims being made by the Plaintiffs in this case under 42 U.S.C. §1981.

In discussing 42 U.S.C. §1981 in *Patterson v. McLean Credit Union*, the U.S. Supreme Court stated:

> The most obvious feature of the provision is the restriction of its scope to forbidding discrimination in the "mak[ing] and enforce[ment]" of contracts alone. Where an alleged act of discrimination does not involve the impairment of one of these specific rights, §1981 provides no relief. Section 1981 cannot be construed as a general proscription of racial discrimination in all aspects of contract relations, for it expressly prohibits discrimination only in the making and enforcement of contracts. (citations omitted). . .
>
> By its plain terms, the relevant provision in §1981 protects two rights: "the same right . . . to make . . . contracts" and "the same right . . . to . . . enforce contracts." The first of these protections extends only to the formation of a contract, but not to the problems that may arise later from the conditions of continuing employment . . . [T]he right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions. Such postformation conduct does not involve the right to make a contract, but rather implicates the performance of established contract obligations and the conditions of continuing employment, matters more naturally governed by state contract law and Title VII. . . .
>
> The second of these guarantees, "the same right . . . to . . . enforce contracts . . . as is enjoyed by white citizens," embraces protection of a legal process, and of a right of access to legal process, that will address and resolve contract-law claims without regard to race.

491 U.S. 164, 176 - 177 (1989) (black former employee of a credit union brought a 42 U.S.C. §1981 action claiming racial harassment and that employer failed to promote her and discharged her because of race).

*Patterson* was decided before 42 U.S.C. §1981 was amended in 1991. Therefore *Patterson* provides an on-point interpretation of what types of claims could be brought under 42 U.S.C. §1981 as originally enacted. That is, claims which allege that a contract was *terminated*

-9-

on the basis of race could not be brought under 42 U.S.C. §1981 before it was amended in 1991.

In *White v. BFI Waste Services*, the Fourth Circuit provides an explanation of the effects of the 1991 amendments on the applicability of 42 U.S.C. §1981. 375 F.3d 288, 291 - 292 (4th Cir. 2004) (black employers working as "roll off" drivers for waste management company brought actions raising claims of racial discrimination under 42 U.S.C. §1981):

> In ordering the dismissal of these claims, the district court relied upon this circuit's decision in *McCrary v. Runyon*, 51 F.2d 1082, 1096 - 1097 (4th Cir. 1974), *aff'd*, 427 U.S. 160, (1976), which held that all section 1981 claims brought in Virginia are subject to the two-year Virginia statute of limitations for personal injury borrowed from Virginia Code §8.01-243(a). This is no longer the law.
>
> In a decision released less than two months ago, *Jones v. R. R. Donnelley & Son, Co.*, 541 U.S. 369, (2004), the Supreme Court held that claims rising under the 1991 amendments to section 1981 are governed by the four-year federal statute of limitation set forth in 28 U.S.C. §1658. Section 1981 claims based upon conduct occurring after the formation of an employment contract, including hostile work environment claims an claims of discrimination in compensation like the ones raised here, arise under the 1991 amendments.

The precedent from the U.S. Supreme Court in *Patterson* establishes that the Plaintiffs could not bring their claim in this case under 42 U.S.C. §1981 as originally enacted. That is, the Plaintiffs' claim is not based on "the formation of a contract, but" is instead based on "the problems that [arose] later from the conditions of continuing employment;" the U.S. Supreme Court stated in *Patterson* that such claims could not be brought under 42 U.S.C. §1981 in its original form. 491 U.S. at 176 - 177.

The clear language of the amendments made in 1991 to 42 U.S.C. §1981 allow a claim to be brought under 42 U.S.C. §1981 involving not only "the formation of a contract, but [] the problems that may arise later from the conditions of continuing employment." *Id.* 42 U.S.C. §1981(b), as amended in 1991, states:

-10-

>For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of contractual relationship.

As stated just above, for the reasons given, the Plaintiffs in this case could not have brought their claim under 42 U.S.C. §1981 as originally enacted. However, the very amended language of 42 U.S.C. §1981 itself empowers the Plaintiffs in this case to bring their claim under 42 U.S.C. §1981. The 1991 amendments to 42 U.S.C. §1981 were passed after December 1, 1990 when 28 U.S.C. §1658 was enacted.. Therefore, the four-year limitation period codified in 28 U.S.C. §1658 applies to the claims brought by the Plaintiffs in this case under 42 U.S.C. §1981.

The U.S. Supreme Court in *Patterson* stated that claims alleging contract termination by private actors on the basis of race could not be brought under 42 U.S.C. §1981 as originally enacted. 491 U.S. at 176 - 177. The plain language of 42 U.S.C. §1981 after it was amended in 1991 states that claims alleging contract termination by private actors on the basis of race may be brought under 42 U.S.C. §1981. The Fourth Circuit in *White*, 375 F.3d 288, 291 - 292, interprets the Supreme Court's holding in *Jones*, 541 U.S. 369, as saying that "claims rising under the 1991 amendments to section 1981 are governed by the four-year federal statute of limitation set forth in 28 U.S.C. §1658." Therefore, based on precedent from the U.S. Supreme Court, the plain language of the amended version of 42 U.S.C. §1981, and precedent from the Fourth Circuit, I agree with the Plaintiffs that a four-year limitation period is applicable to the claim that they have brought under 42 U.S.C. §1981 in this case.

In its *Reply to Plaintiffs' Brief in Opposition*, Smurfit Stone points out that the Plaintiffs in this case have alleged that they were independent contractors who hauled corrugated boxes for

Smurfit Stone.  Smurfit Stone argues that 42 U.S.C. §1981 as enacted applies only to the relationship between employers and employees.  Smurfit Stone continues that because the 1991 amendments to 42 U.S.C. §1981 do not broaden its application beyond the employer-employee relationship, the Plaintiffs have attempted to bring their claim under 42 U.S.C. §1981 in its original form, as opposed to its amended form.  Smurfit Stone therefore concludes that the Plaintiffs do not get the benefit of the four-year limitation period codified in 28 U.S.C. §1658, but are instead subject to the Virginia two-year statute of limitation.

The basis of Smurfit Stone's argument is wrong. The language of 42 U.S.C. §1981, as originally enacted or amended, does not limit its application to relationships between employers or employees.  The Fourth Circuit and the United States Supreme Court have both recognized that 42 U.S.C. §1981 is more broadly applicable.  For instance, in *McCrary v. Runyon*, the parents of a black child who had been denied admission to a private school based on his race were allowed to pursue the private school under 42 U.S.C. §1981. 515 F.2d 1082 (4th Cir. 1975). Certiorari was granted by the United States Supreme Court in *McCrary*, and the Court affirmed the Fourth Circuit's finding that the school did wrongfully discriminate under 42 U.S.C. §1981. *See, Runyon v. McCrary*, 423 U.S. 945 (1975) (granting certiorari); *Runyon v. McCrary*, 427 U.S. 160 (1976) (affirming Fourth Circuit).  McCrary was obviously decided by the Supreme Court before the Civil Rights Act of 1991 amended 42 U.S.C. §1981.  However, the 1991 amendments only broadened the application of 42 U.S.C. §1981, and made no mention of limiting the law to solely govern the relationship between employers and employees.

In *McCrary*, the Fourth Circuit stated that 42 U.S.C. §1981 prevents private actors from restricting "the right[s] of blacks to contract" – in any context.  The Fourth Circuit in *McCrary*,

-12-

515 F.2d at 1086, stated:

> It may once have been supposed that §1981 served only the limited office of removing legal disabilities which state statutes imposed upon black people. It, of course, did cancel state statutes which imposed restrictions upon the right of blacks to contract, but the Supreme Court has clearly held that it d[oes] much more than that. *citation omitted; Tillman v. Wheaton-Haven Recreational Association*, 410 U.S. 431 (1973) (holding that a swimming pool association's racially discriminatory membership policy violated 42 U.S.C. §1981).

Smurfit Stone's position that 42 U.S.C. §1981 only governs the relationship between employers and employees is wrong. Therefore Smurfit Stone's argument, that the Plaintiffs must be pursuing their claim under 42 U.S.C. §1981 as it was originally enacted because the 1991 amendments to 42 U.S.C. §1981 did not expand the coverage of the law beyond employer-employee relationships, must also be wrong.

## V. CONCLUSION

For the reasons stated above, both *Motions* made by the Federal Defendants will be **dismissed as moot,** and the Federal Defendants will be **dismissed** from this case. Furthermore, Smurfit Stone's *Motion for Judgment on the Pleadings* will be **denied**, and Smurfit Stone's *Motion to Dismiss* will be **denied**.

The Clerk of the Court is hereby directed to send a certified copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record and parties in this case.

Entered this 23rd day of May, 2006.

                                                  s/Jackson L. Kiser
                                                  Senior United States District Judge